UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASON ROAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00397-JPH-MJD |
| | ) | |
| N.P. PETTY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT**

Jason Roar alleges that the defendants—a Nurse Practitioner and three prison officials who reviewed a grievance about his medical care—violated his constitutional rights when they failed to adequately treat his back pain or respond to his grievance. The defendants have filed motions for summary judgment. Dkt. 46; dkt. 50. Mr. Roar has not responded. For the reasons below, the motions are **GRANTED**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Here, the defendants have designated evidence in support of their motions and Mr. Roar has not responded. Accordingly, facts alleged in Defendants' motions are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

2

## II.
## Factual Background

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Mr. Roar was an inmate at Putnamville Correctional Facility at all times relevant to his complaint. Roar Deposition, dkt. 50-1 at 9. In 2019, he began experiencing chronic back pain. *Id*. at 11-12. In September 2019, he was seen by the prison doctor who prescribed Tylenol, gave him exercises to strengthen his back, and authorized four days of leave from work. *Id*. at 13-14. On September 23, 2019, Mr. Roar saw Nurse Practitioner (NP) Petty. Medical Records, dkt. 48-2 at 42-44. She prescribed naproxen, but it did not relieve Mr. Roar's pain. When he saw NP Petty again on November 5, 2019, she prescribed Mobic and Flexeril. *Id*. at 36-38.

Medical records reflect that Mr. Roar missed eight doses of Flexeril between November 7 and November 11, 2019, so his prescription was discontinued. *Id*. at 49-50; Petty Affidavit, dkt. 48-1 at 3. However, Mr. Roar only recalls going to get his dose and being told that he no longer needed it. Dkt. 50-1 at 16-17.

On January 22, 2020, Mr. Roar had another appointment with NP Petty. He reported that his back pain was a mild ache. She discussed stretching and heat and ice as potential means for relieving his pain. *Id*. at 17-18. He asked to see the doctor, but NP Petty said no because he was an addict seeking medication. *Id*.

On January 25, 2020, Mr. Roar submitted a grievance reporting that (1) NP Petty refused to prescribe pain medication for him because she did not want him to get addicted and (2) declined to issue a bottom bunk pass because climbing up and down from his bunk would be good for his

3

back. Dkt. 50-2 at 6. Defendant Williams, the Grievance Officer at Putnamville, forwarded the grievance to the facility's Health Services Administrator, who reviewed Mr. Roar's medical records.  The Health Services Administrator responded that Mr. Roar did not meet the criteria for a bottom bunk pass and that she would schedule Mr. Roar for a re-assessment with Dr. Perez. *Id*. at 7. Mr. Roar appealed the grievance.

On February 3, 2020, Mr. Roar was seen by Dr. Perez who ordered an X-ray and prescribed prednisone. Dkt. 48-2 at 6-7. Mr. Roar was told that the X-ray showed minimal degenerative disease in his lower back that was a normal part of the aging process. Dkt. 50-1 at 19; dkt. 48-2 at 4. While this degenerative disease is not curable, the symptoms can be treated. Petty Affidavit, dkt. 48-1 at 2.

Meanwhile, defendant Deputy Warden Phegley denied Mr. Roar's grievance appeal, noting that Mr. Roar was seen by Dr. Perez and received X-rays, steroids, and Tylenol for five weeks. Dkt. 50-2 at 3. Mr. Roar appealed this response and defendant Randolph denied the appeal after reviewing the grievance documents because he agreed with the facility's response. *Id*. at 1.

On June 5, 2020, Mr. Roar saw NP Petty and requested ibuprofen for his back pain because Tylenol was not working. She told him that the facility did not give out ibuprofen, but that he could get it from commissary. *Id*. at 20-22; dkt. 48-2 at 1-3. In NP Petty's view, his symptoms were mild and did not require prescription-strength pain medication. Dkt. 48-1 at 2-3. Mr. Roar recalls that he asked to see Dr. Perez and NP Petty refused. Dkt. 50-1 at 22. NP Petty disputes that she ever refused to allow him to see Dr. Perez. Dkt. 48-1 at 3.

Throughout 2019 and 2020, Mr. Roar was able to do basic daily activities including working and attending recreation when his back pain was less severe. *Id*. at 24. The pain would

fluctuate between a two and ten on a scale of one to ten, but he would take ibuprofen from commissary to keep the pain "mellow." *Id.* at 25-26.

### III.
### Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

For the purpose of adjudicating Defendants' motions for summary judgment, the Court assumes without deciding that Mr. Roar's back pain constituted a serious medical condition. To survive summary judgment then, he must show that the defendants acted with deliberate indifference—that is, that they consciously disregarded a serious risk to his health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

**A. NP Petty**

Mr. Roar contends that NP Petty acted with deliberate indifference when she refused to allow him to see Dr. Perez and when she denied him pain medication and told him he could get ibuprofen from commissary. The Court must defer to NP Petty's treatment decisions "unless no minimally competent professional would have so responded under those circumstances" because

5

"there is no single proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019) (internal quotation marks and citations omitted). As stated above, deliberate indifference "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald*, 982 F.3d at 458 (internal quotations omitted).

The undisputed evidence shows that NP Petty exercised her professional judgment when she made treatment decisions regarding Mr. Roar. Specifically, NP Petty's conclusion that Mr. Roar did not require prescription pain medication at that time was based on her medical judgment, specifically a concern that such medications were addictive. Mr. Roar has designated no evidence from which a jury could reasonably find that Nurse Petty's treatment of Mr. Roar "was not the product of medical judgment." *Cesal*, 851 F.3d at 724; *see also Zaya v. Sood*, 836 F.3d 800, 805 (7th Cir. 2016) ("By definition a treatment decision that's based on professional judgment cannot evince deliberate indifference because professional judgment implies a choice of what the defendant believed to be the best course of treatment."). The fact that Mr. Roar still suffered some back pain does not show that NP Petty was deliberately indifferent. *See Leiser v. Hoffman*, --- F. App'x ---, No. 20-2908, 2021 WL 3028147, *3 (7th Cir. July 19, 2021) ("[D]octors are not deliberately indifferent when they are unable to eliminate completely a patient's pain.") (citing *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)).

Furthermore, Mr. Roar is not entitled to any specific course of treatment and cannot prevail on a deliberate indifference claim solely because he disagrees with NP Petty's medical judgment. *See Arnett*, 658 F.3d at 754 ("[A]n inmate is not entitled to demand specific care"). Although he argues that she refused to allow him to be seen by Dr. Perez on two occasions, he was seen by Dr. Perez less than two weeks after the first time NP Petty refused to allow him to see Dr. Perez.

6

And Mr. Roar mistakenly thought that only Dr. Perez could prescribe medication. As discussed above, NP Petty prescribed various pain medications for Mr. Roar on occasions when she concluded that such medications were necessary.

The designated evidence shows that NP Petty exercised her medical judgment in making treatment decisions regarding Mr. Roar. *Lockett*, 937 F.3d at 1024–25; *see also Cesal*, 851 F.3d at 722 ("[M]ere disagreement with a doctor's medical judgment is not enough to support an Eighth Amendment violation."). Because no reasonable jury could find that NP Petty was deliberately indifferent to Mr. Roar's back pain, summary judgment must be granted in her favor.

### B. Correctional Defendants

Prison officials may violate the Eighth Amendment if their failure to adequately investigate a prisoner's grievances delays his access to adequate medical care. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). On the other hand, if a prison official reasonably responds to a prisoner's complaints, then she lacks a "sufficiently culpable state of mind" to be deliberately indifferent. *Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006) (finding grievance counselor did not violate the Eighth Amendment where he researched inmate's complaint, learned that medical professionals had seen and diagnosed inmate with medical condition and determined that surgery was not required); *see also Burks v. Raemisch*, 555 F.3d 592, 594-95 (7th Cir. 2009) (affirming grant of summary judgment to prison complaint examiner who denied grievance as untimely "because she carried out her job exactly as she was supposed to").

Here, the evidence designated by defendants Williams, Phegley, and Randolph establishes that they reasonably responded to Mr. Roar's grievance. Defendant Williams forwarded the grievance to the appropriate person for a response, reviewed the response provided by medical staff, and responded to Mr. Roar. When Mr. Roar appealed, Deputy Warden Phegley reasonably

relied on reports from medical staff that Mr. Roar was receiving appropriate medical care. When Mr. Roar appealed this response, defendant Randolph reviewed the relevant documents and relied on the judgment of medical staff. There is no evidence that these defendants ignored Mr. Roar's complaints or failed to respond to them. They "were entitled to rely on the professional judgment of medical prison officials," and "nothing in [the medical] reports made it obvious that [Mr. Roar] might not be receiving adequate care." *Id.* at 527–28. *Giles v. Godinez*, 914 F.3d 1040, 1050 (7th Cir. 2019).

For these reasons, defendants Williams, Phegley, and Randolph are entitled to summary judgment.

## IV.
## Conclusion

The defendants' unopposed motions for summary judgment, dkt. [46] and dkt. [50], are **GRANTED.** Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 9/8/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON ROAR
2214 Tucker Drive
Indianapolis, IN 46229

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

8

Sarah Jean Shores-Scisney
Stoll Keenon Ogden PLLC (SKO)
sarah.shores@skofirm.com

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov

Benjamin Charles Wade
Federal Aviation Administration
Benjamin.C.Wade@faa.gov